My name is Nova Jansen. I represent the appellant, Mr. Christian Hansen, in the case before the court today. I would like to reserve four minutes of my time for rebuttal. Although Mr. Hansen raises two arguments on appeal, I would like to focus on his first argument, that he was erroneously subject to increased penalties based on a prior state conviction. Should any time remain, I would generally rest on my brief in relation to the second argument, but I would, of course, be happy to answer any questions the court might have on that double jeopardy issue. My reaction is that a recent opinion in Bolin is not helpful to your analysis of the relating to, so you might comment on that. Your Honor, I do apologize. I do not have the Bolin case with me, and I am not prepared to discuss it. I would be more than happy to file a supplemental brief if you would like. I mean, it does, one of the issues there was relating to, and we noted the broad definition of that term. I don't think it's, it's not controlling. Fair enough. Thank you, Your Honor. Mayococ is something you might be prepared to talk about. I absolutely am prepared to talk about Mayococ. In fact, of course, the government does maintain and the district court judge did find that Mayococ compelled the decision that the particular enhancements applied to Mr. Hansen in this case, and we do acknowledge that Mayococ is very factually similar. I, of course, do argue two different aspects of Mayococ. First, I take the position that it is not binding, and second, of course, that even if this court were to find that Mayococ decision is binding, I do submit that it is erroneously decided, and naturally this would be the first step in which this panel is bound by that decision to attempting to get some sort of end bank review on that issue. Mayococ is, in fact, factually similar. The court found that the Minnesota statute qualified as an enhancing predicate in that case, even though it criminalized conduct that would not qualify as child pornography under 2256-8. But the stated question in that case that this court made is whether the full range of conduct criminalized under the state statute, quote, relates to the possession of child pornography as that term is defined in federal law. And the context of the case makes clear that when the court says as that term is defined in federal law, the term it's analyzing, of course, is related to, and how generally broadly to interpret that. But the court and the parties in the briefing seem to have simply assumed that related to the possession of child pornography. We, of course, submit that that is not the case. Instead, we submit that the Supreme Court decision in Mullooly should actually dictate the outcome of this case, and that it does, in fact, compel a conclusion that the term related to modifies only the Actus Reis terms that immediately follow it. It cannot modify the term child pornography because that term is specifically defined. Counsel, if we follow your argument, how do we connect under the laws of any state to child pornography? Because if you lose the relating to, then you lose the reference back to the laws of any state, don't you? And we're basically arguing about the laws of the state as part of this case. We are, Your Honor. And I do, in my brief, I did have a portion. There does seem to be an extra or, and there is one case that I cited in there that kind of talked about. Maybe that makes the statute a little ambiguous. For our purposes today, I think we can acknowledge and accept that the statute should be read. It criminalizes a whole host of conduct, of course. And with regard to the state offenses, I do believe that it should be read as providing for enhanced penalties. If there's a prior offense under the laws of any state relating to one of those five categories of offenses, we have the aggravated sexual abuse, sexual abuse, abuse of sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, et cetera, et cetera, of child pornography. And I'll just say possession of child pornography in relation to that clause. And I do think that relating to, I will concede that relating to does the only reasonable interpretation, probably does require that it's the state laws relating to. So I don't dispute that relating to probably does apply because it is difficult to read the statute without it. If you take away the state laws pertaining to, it doesn't make a lot of sense. And, of course, we want to give meaning to the words that Congress chooses. And for exactly that reason, Your Honor, I think that that is why Malooly needs to control the outcome of this case. Because if we interpret the term related to child pornography as related to modifying all of those terms, as opposed to just modifying the Actus Reis terms, we lose meaning of various terms in the statute. Essentially what we're doing in that situation is we're reading the statute as if it says related to child pornography. And I think that's actually what the Mayococ Court did. And I think that that's what most of the courts that have looked at this issue have done, including the Bennett Court out of the Tenth Circuit. But if we read the statute in a way that says related to child pornography, and basically anything, whether it qualifies as child pornography under 2256 or it doesn't, can qualify. In this case, for example, the Nebraska statute that Mr. Hansen was convicted of, he could have been convicted under that statute for possessing a visual depiction of a man kissing a woman's breasts if a child was simply in the room. Clearly not child pornography under Section 2256, which applies to all of those provisions in the statute, in the entirety of Chapter 110. But nonetheless, I just think that that goes too far. So in Malooly, I'll back up for just a moment. The Supreme Court looked at whether a state law offense related to a controlled substance as defined in 21 U.S.C. Section 802, of course, the Federal Controlled Substance Statutes. And this was in the context of an immigration removal statute. Now the state Kansas statute at issue criminalized around nine different substances that were not on that federal schedule. In a 7-2 decision by Justice Ginsburg, the court recognized that related to is a really broad term. And Mr. Hansen does not dispute that related to is a really broad term. But the court went on to recognize that if we stretch that term to its outer boundaries, it really stops nowhere. And that sometimes context tugs in favor of a narrower reading. And in Malooly, that context that tugged in favor of a narrower reading of that term related to was that specific incorporation of the Federal Controlled Substance Schedule in Section 802. And the court said to be faithful to the text that Congress laid out, it was not sufficient that the state law categorically related to a controlled substance. It had to relate to a controlled substance that was listed on those federal schedules. And so according to the court, the breaking point was that the state statute reached convictions in which no controlled substance as defined was involved. Now just as in Malooly, the context in this case tugs in favor of that narrower reading of the term related to. And specifically, it tugs in favor of a reading that only applies the term to the actus reus. Because if we apply it in a way that skips over the actus reus, we don't give any meaning to the fact that Congress included those specific actus reus terms within the statute. And a point that I'll make is that the legislative history in our case and the legislative history of these recidivist provisions in Title 18, Chapter 110, they really do show that Congress knew exactly what it was doing when it put these recidivist provisions into play. And just real briefly, the saga of the related to possession of child pornography recidivist provision, it actually began in 1996 with the enactment of Public Law 104-208. Now this law did several things to Chapter 110 of Title 18. It added the crime of possession of child porn, which is now at 2252A. It added single and multiple recidivist provisions to Section 2251, providing for increased penalties when a defendant has a prior state law conviction, quote, relating to the sexual exploitation of children. That term was not specifically defined. And it added to 2252 the recidivist language that we're actually talking about today, which is identical across all of these different statutes. We did comment in the brief that the text is not identical. That is true, but I will withdraw any assertion that a reading of 2251E, for example, should not control a reading of 2252B. The language is sufficiently similar, in particular on the possession of a controlled substance or a possession of a child pornography factor. But the final thing that the court did is that it defined child pornography in Section 2256, and that provision is the definitional section for all of Chapter 110. So we have to ask ourselves a few things. Beyond that, of course, in 2006, the Congress amended only the recidivist provision, making it nearer 2252. It left, of course, the multiple recidivist provision as relating to offenses involving sexual exploitation. But that really raises, I think, three different questions. First, if Congress didn't intend to limit the term related to only those actus reus, the possession, receipt, mailing, production, et cetera, why did it include those terms in the first place? Why, for instance, did it add a recidivist provision to 2252 in the very same legislation where it created a definition for the term child pornography? So in 1996, we both define offenses, state conduct that will result in enhancements that are related to the possession of child pornography. And then the Congress defined child pornography. Clearly, they intended child pornography to have a limited meaning. And I think that conclusion is bolstered even more by the fact that those other four categories of state law offenses are not defined. In fact, this court said in Ziegler, or I apologize, it might be Sonnenberg, its prior decision that we can't import other definitions. Chapter 110 has its own definitional provision in 2256. So we can't look at Chapter 109 to define what aggravated sexual assault means. We can't look at Chapter 109 to define sexual abuse. We have to rely on more generic terms. And most of the case law, you'll see, deals with those other four categories where there are no intervene actus reus terms. The question in those cases, does the statute relate to sexual abuse? Sexual abuse is undefined. That's going to be interpreted incredibly broadly. But when we come here, we have related to the production, the possession of child pornography. And child pornography is specifically defined. Again, why would Congress modify only that single recidivist enhancement provision under 2251 in a way that includes a term that it's already defined? We have to question why it would do that. Why then did it leave for the multiple recidivist provision sexual exploitation of a child? Again, a term that is not defined in 2256. And then, of course, if Congress wanted related to to modify that term child pornography that was specifically defined, why not just write the statute that way? Why put those terms in? If we wrote the statute that the prior offenses would qualify for enhancements if they relate to child pornography, that structure would clearly indicate an intent by Congress to apply sentencing enhancements based on state statutes that criminalize conduct that doesn't necessarily line up with 2256. I see I'm getting very short on time. I'd like to leave just a little bit of time for rebuttal. But very quickly, I would just like to comment that the interpretation that Mr. Hansen advocates for is the only one that gives meaning to all of the terms of the statute. It is the only one. The government's interpretation fails to give weight to Congress's choice to define child pornography. It gives no effect at all to those actus reus terms. They're essentially meaningless in the statute, and that is not what Congress intended. I will step down now and save the remainder of my time for rebuttal and any additional questions from the court. Thank you. Thank you, Mr. Trammell. May it please the court, counsel? My name is Mark Trammell. I'm an assistant U.S. attorney in Cedar Rapids, Iowa. The district court correctly found that Mayo Cock applies in this case, and a couple of clarifications I would like to make in response to the defense reply brief. On the use of the word or, I would note in 2251, there are three clauses beginning with under, 2251E. It says, if such person has one prior conviction under this chapter, and then later on it says or under Section 920, and then the next line it says or under the laws of any state. Each of these three groupings that start with under is separated by an or. So under this chapter, Section 1591, Chapter 71, Chapter 109, or Chapter 117, then there's the word or, and then there's the second under clause, and then after that there's another or. Now, you can say A, B, or C. You can also say A or B or C. So the fact that there's an extra or in there shows that that one word or doesn't imply that it is the end of a list. And both 2251E and 2252B1, which is the statute in Mayo Cock, both do that. They both have the or used in the same places. The other point that the defense raises in its brief on the word or is specifically in 2251 it says or sex trafficking of children. This is right before the production, and it gives significance to the fact that the word or is there. But if the court looks at the beginning of that phrase, it says under the laws of any state, and then it lists several things relating to aggravated sexual abuse, sexual abuse, abuse of sexual contact involving a minor at war. That's the third thing. Or the fourth thing is sex trafficking of children. In 2252B1, it doesn't list sex trafficking of children. So in that clause, it just lists under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abuse of sexual contact involving a minor at war. So both statutes have a list with the word or before the last in the list, before you get to the production, possession, receipt, and so on of child pornography. So with regard to the placement of both of those ors, there's not a difference as relates to this case between 2252 and 2251. And that's the point we were trying to make in our initial brief when we were pointing out how the use of the word or does not distinguish between these two statutes. Regarding the issue of relating to, I think as Your Honor pointed out, if you took out the word relating to, then grammatically, the other phrases under production, possession, distribution, excuse me, production, possession, receipt, and child pornography, they wouldn't tie to anything else in the statute. So for that reason, we think that's the only logical connector is those connect to relating to. And with regard to Congress defining federal law, and I haven't gone back and looked specifically the year that counsel referenced the Federal Act, but it's certainly possible for Congress to define child pornography specifically in federal law. And then at the same time recognize that states may have statutes that are worded a little bit differently from the federal law and so use a broader standard of relating to with regard to the state statute so you don't run into an analysis whenever a state statute is not exactly the same as a federal statute, then the state statute doesn't count as a prior. So that makes sense. And I think that the government's argument does comply not only with 2252 as outlined in Mayocock, but the same arguments apply equally to 2251. So for those reasons, we believe the district court correctly found that Mayocock applies. And regarding the second argument, we believe under Blackburger, each offense required an element that the other did not. So based on the reasons outlined in our brief, we would ask that the court affirm. I'd be happy to answer any questions. Thank you. Your Honors, we often see a very familiar refrain in the case law, and that's that Congress chooses the language of statutes for a reason and is the obligation of courts to give effect to Congress's choices. The way that the government reads the statute gives full effect to Congress's choice of the word related to, but it renders other words in the statute meaningless, which is contrary to typical rules of statutory interpretation. The Mullooly case, I believe, confirms this and is very apositive to our situation. The government's interpretation, reading related to as being able to change the definition that Congress expressly chose, fails to give weight to Congress's choice, its express choice to define the term child pornography in relation to the very provisions for which it created the sentencing enhancement. The Actus Reis terms in that situation are meaningless. What difference does it make if those words exist in the statute or not? They have to be there for some reason. But if we can modify and apply enhancements when the act, when the prior state conviction merely relates to child pornography, creating this really broad, perhaps unlimited, encompassment of various state statutes, what do those words mean? The possession of something related to child pornography relates to child pornography. The distribution of something related to child pornography relates to child pornography. Those words become utterly meaningless. But if we apply related to only to the Actus Reis terms, as Mr. Hansen advocates for, it actually does broaden the statute, because without that we wouldn't reach advertising, promoting, trading, attempt, conspiracy, aiding and abetting, or display of items that Congress has defined as child pornography. That's the basis for the enhancement. That's what Congress intended. And I would ask the Court to find that, reverse and remand the case to the District Court for resentencing. Thank you, Counsel. The case has been very well briefed and our argument's been helpful. We'll take it under advisement. Thank you, Your Honors.